IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MAURICIO BRAVO-MALDONADO,

                 Plaintiff,

v.

CIMARRON CORR. FACILITY,

                 Defendant.

OPINION and ORDER

25-cv-628-jdp

---

Plaintiff Mauricio Bravo-Maldonado, proceeding without counsel, is a federal prisoner who is currently incarcerated at FCI-Oxford. Bravo-Maldonado was previously housed at Cimarron Correctional Facility, a private prison in Oklahoma under contract with the United States Marshals Service (USMS). Bravo-Maldonado alleges that a bus that carried him and other prisoners was in a rollover accident, and that Cimarron employees denied him medical care after the accident. Bravo-Maldonado brings claims under the Eighth Amendment based on conscious disregard of his health and safety, and a negligence claim under Oklahoma law.

Bravo-Maldonado is incarcerated, so I must screen the complaint under 28 U.S.C. § 1915A and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Bravo-Maldonado's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint without leave to amend for failure to state a claim and improper venue. I will also impose a strike pursuant to 28 U.S.C. § 1915(g).

ALLEGATIONS OF FACT

On September 25, 2024, Bravo-Maldonado was a passenger on a bus that was leaving Cimarron. At 4:54 a.m., another vehicle hit the bus, causing it to roll over. The bus came to rest on its right side. Bravo-Maldonado hit his head "numerous times" against on the bus's security rails and windows before it came to a stop. Dkt. 1 at 5. Bravo-Maldonado landed on his knees and he "felt []a lot of pain" when other prisoners "collapse[d]" on top of him. *Id.*

Bravo-Maldonado was removed from the bus without head protection and he didn't receive medical attention for three-and-a-half hours. Bravo-Maldonado suffered hematomas on his right leg, right rib, and the right side of his head. He also has "lots" of head pain and problems with his left knee and left shoulder. *Id.*

ANALYSIS

**A. Federal-law claims**

Bravo-Maldonado brings Eighth Amendment claims based on conscious disregard of safety and medical needs. Bravo-Maldonado alleges that his lawsuit is against state or local officials and arises under 42 U.S.C. § 1983. Dkt. 1 at 3. To be liable under § 1983, a defendant must have acted "under color of state law" to deny Bravo-Maldonado "some federally guaranteed right." *See Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010). Action is taken under color of state law "when it involves a misuse of power . . . made possible only because the wrongdoer is clothed with the authority of state law." *See id.*

Bravo-Maldonado was not in the custody of state or local officials when the accident occurred. Bravo-Maldonado is a federal prisoner, and Cimarron is a corporation that contracts with the USMS for the custody and care of federal prisoners. *See* Dkt. 1 at 6–7; Dkt. 1-1 at 1.

I will not allow Bravo-Maldonado to proceed under § 1983 because Cimarron and its employees are not state actors.

The Supreme Court has recognized a private action for damages against federal officers who violate certain constitutional rights. *See Ziglar v. Abbasi*, 582 U.S. 120, 130–31 (2017) (discussing *Bivens v. Six Unknown Named Agents*, 403 U.S. 288 (1971)). But the basic rule is that a prisoner cannot use *Bivens* to bring an "Eighth Amendment suit against prison guards at a private prison." *See Effex Cap., LLC v. Nat'l Futures Ass'n*, 933 F.3d 882, 892 n.23 (7th Cir. 2019) (citing *Minneci v. Pollard*, 565 U.S. 118, 131 (2012)).

Even if Bravo-Maldonado could bring an Eighth Amendment claim under *Bivens*, I would not allow him to proceed on it for four reasons. First, Bravo-Maldonado hasn't identified the Cimarron employees who allegedly violated his federal rights in the complaint's caption; he names only Cimarron as a defendant. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). Second, along the same lines, a defendant is liable only for "his or her own misconduct" under *Bivens*. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Bravo-Maldonado hasn't met *Bivens*'s personal involvement requirement because he failed to identify the Cimarron employees who allegedly violated his federal rights.

Third, Bravo-Maldonado hasn't alleged facts plausibly suggesting that any Cimarron employee violated the Eighth Amendment. A prison official is liable under the Eighth Amendment if the official consciously disregards an excessive risk to prisoner health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Conscious disregard means that the official knew of facts from which the inference could be drawn that a substantial risk of serious harm existed, and he actually drew that inference. *Id.* "[N]egligence, even gross negligence, does not violate the Constitution." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

3

By itself, the allegation that Bravo-Maldonado was a passenger on a bus that had a rollover accident is not enough to suggest conscious disregard of his safety. Bravo-Maldonado also alleges that Cimarron employees removed him from the bus without head protection and delayed his medical treatment, but those allegations alone don't suggest that any employee consciously denied him medical care.

Fourth, Bravo-Maldonado hasn't stated a plausible claim against Cimarron itself. I will assume for purposes of screening the complaint that Bravo-Maldonado may seek relief from Cimarron itself using the framework that applies to constitutional violations caused by municipalities. *See generally Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). But Bravo-Maldonado hasn't stated a plausible *Monell* claim because he failed to allege that a Cimarron policy or custom caused an Eighth Amendment violation. *See Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 378–79 (7th Cir. 2017); *see also Gaetjens v. City of Loves Park*, 4 F.4th 487, 495 (7th Cir. 2021) ("[A] municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee.").

If Bravo-Maldonado were to bring a claim under the Federal Tort Claims Act (FTCA), I would not allow him to proceed on it for two reasons. First, Bravo-Maldonado names Cimarron as defendant, but "[t]he only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). Second, even had Bravo-Maldonado sued the United States, the FTCA provides a cause of action for tort claims "caused by the negligent or wrongful act or omission of any *employee* of the Government while acting within the scope of his office or employment[.]" *Lipsey v. United States*, 879 F.3d 249, 253 (7th Cir. 2018) (emphasis added) (citing 28 U.S.C. § 1346(b)(1)). The FTCA defines

government employees to exclude "any contractor with the United States." *Id.* (citing 28 U.S.C. § 2671). Cimarron is an independent contractor, so the FTCA doesn't apply.

## B. State-law claim

I take Bravo-Maldonado to bring a negligence claim under Oklahoma law based on the accident. I will assume for purposes of screening the complaint that the court would have jurisdiction over this claim on the basis of diversity. *See* 28 U.S.C. § 1332(a)(1) (providing that district courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states).

But there is another problem: venue. 28 U.S.C. § 1391(b) governs venue for civil rights actions. As relevant here, a plaintiff may bring a civil action in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in a "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(1)–(2). I may dismiss a case for improper venue on my own if the plaintiff's assertion of venue is legally frivolous. *See Atherton v. St. Vincent Hosp.*, 774 F. App'x 304, 305–06 (7th Cir. 2019); *Granger v. Rauch*, 388 F. App'x 537, 538, 541 (7th Cir. 2010).

Cimarron resides in Oklahoma. *See* Dkt. 1 at 2. And it's clear from the complaint that the events underlying Bravo-Maldonado's negligence claim occurred in Oklahoma. Any assertion of venue in Wisconsin would be frivolous.

When venue is improper, courts may dismiss or, "if it be in the interest of justice," transfer the case to the proper venue. 28 U.S.C. § 1406(a). I will not transfer the case to a federal court in Oklahoma because Bravo-Maldonado's allegations don't plausibly suggest that Cimarron or any of its employees committed negligence. *See Ashcroft v. Iqbal*, 556 U.S. 662,

5

678 (2009) ("A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (emphasis added)). The allegation that a vehicle struck the bus carrying Bravo-Maldonado and caused it to roll over does not suggest negligence on the part of any of the named defendants.

CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But "if it is clear that any amendment would be futile," I need not grant leave to amend. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

Bravo-Maldonado hasn't stated a plausible federal claim. He brings a state-law negligence claim, but Wisconsin is not the proper venue to hear that claim. I have discretion to transfer this case to cure the defect with venue, but that would be inappropriate because Bravo-Maldonado hasn't stated a plausible negligence claim. Further amendment to bring a claim in this court would be futile, so I will dismiss the complaint without leave to amend.

I will also direct the clerk of court to record a strike under § 1915(g). A strike is appropriate for two reasons. First, I dismissed Bravo-Maldonado's federal claims for failure to state a claim. Second, I dismissed Bravo-Maldonado's state-law claim because his assertion of venue in this court was frivolous and facially implausible.

ORDER

IT IS ORDERED that:

1. Plaintiff Mauricio Bravo-Maldonado's complaint, Dkt. 1, is DISMISSED for failure to state a claim and improper venue.

2. A strike is to be recorded pursuant to 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment and close the case.

Entered August 21, 2025.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge